Argued September 5, reversed November 14, 1950

# KOSMECKI *v.* PORTLAND STEVEDORING CO.,
## A CORPORATION
### 223 P. (2d) 1035

*Wesley A. Franklin,* of Portland, argued the cause for appellant. On the brief were Anderson & Franklin, of Portland.

*Robert T. Mautz,* of Portland, argued the cause for respondent. On the brief were Wilbur, Beckett, Oppenheimer, Mautz & Souther, of Portland.

Before LUSK, Chief Justice, and BRAND, ROSSMAN, BAILEY, HAY, LATOURETTE and WARNER, Justices.

ROSSMAN, J.

This is an appeal by the plaintiff from a judgment in favor of the defendant, which the Circuit Court

entered after it had rendered findings of fact and conclusions of law favorable to the defendant. The findings were based upon stipulated facts. The purpose of the action was the recovery of damages for an alleged personal injury.

According to the complaint, his purported injury befell the plaintiff January 18, 1945, through the negligence of the defendant. The latter was not the plaintiff's employer. His employer was Poole, McGonigle & Jennings, which, according to a stipulation of the facts, was engaged in the business of the "construction, alteration or repair of ships." The plaintiff worked for that concern as a "burner." Poole, McGonigle & Jennings was at work upon a vessel into the hold of which the defendant's employees were stowing cargo. At the request of the defendant, the plaintiff burned the steel binders which held in place upon a freight car some steel pipe. After he had burned the binders, one of the pipes rolled from the car onto the plaintiff, thereby inflicting the injury for which damages are sought. It is agreed that both the defendant and Poole, McGonigle & Jennings were subject to the Workmen's Compensation Act.

The sole issue presented by this appeal is this: Does § 102-1752, O. C. L. A. (a part of the Workmen's Compensation Act, which we shall shortly quote), prevent the plaintiff from maintaining this action. In challenging the judgment entered against him, the plaintiff contends:

"As plaintiff's employer and the defendant Portland Stevedoring Company were not on premises over which both had joint supervision and control and were not engaged in the furtherance of a common enterprise, or the accomplishment of a

related purpose in operation, plaintiff may maintain an action at law for negligence against the defendant.''

The statement of stipulated facts says:

"1. That plaintiff was employed by Poole, McGonigle & Jennings as a burner, and that the general business of Poole, McGonigle & Jennings was construction, alteration or repair of ships.

"2. That defendant Portland Stevedoring Company was a stevedoring company and at the time of said accident, was engaged in the business of loading and unloading ships at Terminal No. 1 immediately adjacent to the ship on which plaintiff was working, and was in fact engaged in loading the ship upon which plaintiff was working.

"3. That employees of the defendant in loading the ship on which plaintiff was working, were required to go on and about said ship and would intermingle with employees of Poole, McGonigle & Jennings.

"4. That defendant's walking boss requested the plaintiff to burn certain steel binders holding heavy steel pipes on a gondola freight car; that pursuant to said request plaintiff did cut the steel binders, thus releasing a heavy pipe which rolled onto plaintiff's feet, causing the injuries complained of.

"5. That plaintiff filed a claim for compensation with the State Industrial Accident Commission of the State of Oregon, which claim was approved and allowed, and plaintiff was paid certain compensation for temporary total disability, and permanent partial disability.

"6. That plaintiff did not, prior to the filing of his complaint in the above entitled action, file with the Commission an election to prosecute a third party action; that no demand, written or otherwise, was made on plaintiff to make such an election.

"7. That subsequent to the filing of the above entitled action and defendant's answer and supplemental answer, plaintiff has filed with the State Industrial Accident Commission notice of his election to prosecute a third party action.

"8. That at the time of his injury plaintiff was an employee subject to the Workmen's Compensation Law of the State of Oregon, and Poole, McGonigle & Jennings, his employer, was subject to said law, and the defendant was an employer subject to said law."

No evidence was presented to the court. The case was submitted for decision upon the stipulation of facts which we just quoted.

The stipulation does not disclose the exact nature of the work which Poole, McGonigle & Jennings was performing upon the vessel. Since, according to the stipulation, the business of that employer was the "construction, alteration or repair of ships," an inference is warranted that the work underway fell within one or more of those categories. The briefs of counsel amplify or elucidate the term "construction, alteration or repair of ships." The plaintiff's (appellant's) brief says:

"In the course of the business of Poole, McGonigle & Jennings this company often performed more or less minor repairs to ships which were temporarily docked at Terminal No. 1, * * *.

"On this particular occasion the plaintiff was working as a 'burner' and was engaged in helping to repair a ship which was being loaded by the defendant stevedoring company. The ship was docked at Terminal No. 1, and the defendant company was engaged in loading heavy iron pipe into the ship from freight cars which were on the dock adjacent to the vessel."

In still another part of his brief, the plaintiff says:

"Plaintiff's employers were engaged in repairing a ship;"

The defendant's brief makes similar statements about the nature of the plaintiff's work, as, for instance:

"Plaintiff was a workman who was engaged in the repair of a ship."

We believe that we should accept the statements as clarification of the stipulated facts.

The complaint avers that the plaintiff was injured January 18, 1945. At that time § 102-1752, O. C. L. A., being a part of our Workmen's Compensation Law, read:

"Every workman subject to this act while employed by an employer subject to this act who, while so employed, sustains personal injury by accident arising out of and in the course of his employment and resulting in his disability, * * * shall be entitled to receive from the industrial accident fund thereby created the sum or sums hereinafter specified and the right to receive such sum or sums shall be in lieu of all claims against his employer * * *. If the injury to a workman is due to the negligence or wrong of a third person not in the same employ, the injured workman, * * * may elect to seek a remedy against such third person; provided, however, that no action shall be brought against any such third person if he or his workman causing the injury was, at the time of the injury, on premises over which he had joint supervision and control with the employer of the injured workman and was an employer subject to this act. 'Premises', as used in this section, shall mean the place where the employer, or his workman causing the injury, and the employer of the injured workman, are engaged in the furtherance of a common enterprise or the accomplishment of the same or related purposes in operation."

Section 102-1729, O. C. L. A., reads, in part, as follows:

"If a workman of an employer, engaged in a hazardous occupation in violation of section 102-1722, or of an employer in default, as provided in section 102-1742, shall receive an accidental injury in the course of his employment, or if a workman shall receive an accidental injury due to the negligence or wrong of a third person, entitling him, under section 102-1752, to seek a remedy against such third person, such workman, or, if death result from the injury, the other beneficiaries, shall elect whether to take under this act or to recover damages from such employer or third person. * * *

"If the workman or other beneficiaries elect to take under this act, the commission may bring action against such employer or third person * * *.

" * * * A challenge of the right to bring such third party action shall be made by supplemental pleadings only and such challenge shall be determined by the court as a matter of law.

"The workman or his beneficiaries, as the case may be, shall be paid the benefits provided by this act in the same manner and to the same extent as if no right of action existed against the employer or third party, until the amount of benefits that the workman or beneficiaries are entitled to under this act can be determined and until damages are recovered from such employer or third party. The commission shall have a lien against the cause of action in the amount of compensation paid to the workman or his beneficiaries, including the cost of first aid and other medical, surgical and hospital service, which lien shall be preferred to all claims except the cost of recovering such damages. If the sum recovered in such action and actually collected, less reasonable attorneys' fees and costs necessarily incurred, is less than the sum the workman is entitled to under the provisions of this act, the differ-

ence shall be paid the workman as provided in the act for the payment of compensation."

Availing itself of the procedure afforded by the section just quoted, the defendant in this case filed a supplemental answer which challenged the right of the plaintiff to maintain this action. Then came the reply, followed shortly by the submission of the case upon the stipulated facts. We have mentioned the result. It is thus seen that this action was instituted notwithstanding the fact that the plaintiff had applied for and had received an award of compensation from the commission. The last paragraph which we quoted from § 102-1729 authorized the plaintiff to take that course.

By reverting to the plaintiff's contention, quoted in a preceding paragraph, it will be remembered that he claims, among other matters, that the two employers "were not engaged in the furtherance of a common enterprise or the accomplishment of a related purpose in operation" upon the premises where he suffered his injury. We will now determine the merits of that contention.

We have seen from our summation of the record that the plaintiff's employer was making some repairs to the ship and that the defendant was stowing cargo into it. From those circumstances, the defendant's brief asks us to conclude:

"Here, both employers were concerned with getting a ship into operation and navigation; one employer rendering the ship seaworthy by making repairs on the same and the other employer loading that ship with cargo. The employees of both intermingled to further their common enterprise and to facilitate the accomplishment of the related purpose of each."

The defendant claims that, in the manner just indicated, it appears that the two employers were "engaged in the furtherance of a common enterprise or the accomplishment of the same or related purposes in operation." We pause to observe that there is nothing in the record which shows that the repairs which the plaintiff's employer was making to the ship were intended to render it seaworthy. We know nothing whatever about their nature, purpose or extent.

The record mentions two premises. One of them was the ship; the other was the place upon the wharf occupied by the pipe-laden gondola car. The plaintiff's injury did not befall him upon the ship but upon the premises occupied by the car. According to the stipulation, "employees of the defendant in loading the ship on which the plaintiff was working were required to go on and about the said ship and would intermingle with employees of Poole, McGonigle & Jennings." In other words, the stipulation says that it was upon the ship that the two crews of workmen intermingled. There is nothing before us which indicates that they intermingled at any other place such as the one occupied by the gondola car. Nor is there anything in the record which shows that Poole, McGonigle & Jennings had any interest in or duty concerning the gondola car or the pipe with which it was laden.

The stipulation also says: "The defendant's walking boss requested the plaintiff to burn certain steel binders holding heavy steel pipes on a gondola freight car." In that manner the defendant accounts for the plaintiff's sole appearance upon the only premises of consequence in this case: the premises occupied by the freight car.

 The burden of proof rested upon the defendant to establish the facts upon which its claim to immunity is predicated: *Inwall v. Transpacific Lumber Co.*, 165 Or. 560, 108 P. 2d 522, and *Brown v. Underwood Lumber Co.*, 172 Or. 261, 141 P. 2d 527. In this case, that burden required the defendant to establish among other matters that the two employers were engaged upon the premises where the plaintiff was injured "in the furtherance of a common enterprise or the accomplishment of the same or related purposes in operation." Clearly, the term "premises" should not be confined within a small perimeter, but should be extended to the entire area where the work was in progress. The Act deals with practical matters, and its phraseology should receive practical construction. Giving to the stipulation its natural meaning, one readily draws the conclusion that it was only upon the ship that the two employers were engaged in a joint enterprise or the pursuit of related purposes—if they were so engaged at all. If the defendant wanted to include the area occupied by the gondola car as a part of the premises subject to the alleged joint enterprise and related purposes, the burden rested upon it to submit the needed proof. We think it is clear that the record includes nothing showing that the two employers were engaged upon the premises occupied by the car in the pursuit of a common enterprise or related purposes.

We express no opinion upon the issue of whether or not the two employers had joint supervision and control over any place mentioned in this opinion.

The judgment of the Circuit Court is reversed.

BRAND, J., concurs in the result.