Argued October 10, reversed and remanded November 13, 1957

# HENSLER v. CITY OF PORTLAND
# ENGEMAN v. CITY OF PORTLAND

**318 P. 2d 313**

*James P. Cronan, Jr.,* argued the cause for appel-

lants. On the briefs were Schafer, Cronan & Nelson, Portland.

*Kenneth E. Roberts*, Portland, argued the cause for respondent. With him on the brief were Mautz, Souther, Spaulding, Denecke & Kinsey, Portland.

Before PERRY, Chief Justice, and LUSK, WARNER and KESTER, Justices.

LUSK, J.

These are consolidated appeals in which the facts are stipulated and a single question of law is presented.

The plaintiffs were employees of Al Clements Lumber Company, which had entered into a contract with the City of Portland through its Department of Public Docks for the launching of a boat owned by the lumber company at a dock known as Terminal No. 1, operated by the City. On August 5, 1954, the plaintiffs were accidentally injured in the course of the launching operation. The Lumber Company, the City (through its Department of Public Docks), and their employees were subject to the Workmen's Compensation Law, but the plaintiffs, claiming that their injuries were caused by the negligence of a third party, namely, the City, elected to bring actions for damages against the City pursuant to the provisions of ORS 656.154. To each complaint the defendant filed its "supplemental pleading," as authorized by ORS 656.324, challenging the plaintiffs' right to bring the actions on the ground that they fell within the exception to ORS 656.154, which provides that "no action shall be brought against any such third person if he or his workman causing the injury, was, at the time of the injury, on premises over which he had joint supervision and control with the employer of the injured workman and was an em-

ployer subject to ORS 656.002 to 656.590 [the Workmen's Compensation Law]."

The cases were consolidated for trial and tried before the court without a jury upon a stipulation of facts as above stated. The court entered findings and judgments in favor of the defendant. Plaintiffs appeal.

The stipulation of facts is as follows:

"I.

"During all times mentioned in this stipulation defendant was an incorporated city in the County of Multnomah and State of Oregon performing governmental and proprietary functions under and by virtue of its charter.

"II.

"During all said times one of defendant's proprietary functions was performed by the Department of Public Docks, a department of defendant, established and operating pursuant to said charter. In connection therewith, defendant owned and operated a dock known as Terminal No. 1.

"III.

"Pursuant to contract entered into prior to August 5, 1954, defendant agreed for a valuable consideration to remove from a railroad car to be delivered to Terminal No. 1 a new yacht belonging to Al Clements Lumber Co. and to launch said boat in the Willamette River, a distance of some 50 feet below the level of said Terminal No. 1.

"IV.

"On or about August 5, 1954, at about 7:30 in the forenoon of that day, plaintiffs, who were the boat builders, and a third workman, who was a painter, all of whom were employed by said Al Clements Lumber Co., arrived at Terminal No. 1 for the purpose of working on said boat for their employer, Al Clements Lumber Co. Defendant had

theretofore been advised that such work would be done at that time and had consented thereto. For that purpose and at that time plaintiffs climbed aboard said boat by means of a ladder and they and the painter commenced their work.

## "V.

"At about 8:45 in the forenoon of said day, defendant's dock and crane crews arrived, whereupon said railroad car containing said boat was moved to a position adjacent to a crane and tackle preparatory to launching by means of said crane and tackle. During said movement plaintiffs were not aboard. When said railroad car containing said boat had come to a stop at said launching site, plaintiffs again climbed aboard by means of said ladder for the purpose of continuing their work on said boat, including, among other things, the cleaning up of oily footprints, the touching up of scuffed paint, the manhandling into place of said boat's ballast and the replacing of said boat's floorboards. At that time the painter then continued with his work.

## "VI.

"Said crane and tackle consisted of a large power-driven stationary crane of 100 tons capacity to which a wire rope, hook and 'spreader bar' were attached. From the ends of said spreader bar slings were attached so that said slings could be looped around said boat fore and aft.

## "VII.

"Upon the arrival of said boat at the launching site, defendant's employees climbed aboard by means of said ladder and arranged said tackle and slings on said boat preparatory to lifting and thereafter returned to the dock. While said tackle and slings were being so arranged by defendant's employees, said employees requested plaintiffs to place certain wooden blocks between the slings and the hull of said boat so as to protect the hull paint. Plaintiffs briefly interrupted their work, complied

with said request and thereafter plaintiffs continued their work, as set forth in paragraphs IV and V hereof.

## "VIII.

"After the completion of the arrangement of said tackle, said crane and tackle, which were under the exclusive management and control of defendant, lifted said boat from said car, whereupon, said crane and tackle failed in that the spreader bar suddenly broke dropping said boat to the dock, causing plaintiffs certain injuries.

## "IX.

"Prior to the date hereof plaintiffs duly filed claims for compensation with the State Industrial Accident Commission; at the date hereof plaintiff Walter E. Hensler has been awarded certain compensation payments, and the claim of plaintiff Kermit C. Engeman is pending undetermined.

## "X.

"Prior to the filing of their complaints herein, plaintiffs filed with said State Industrial Accident Commission notice of their election to prosecute third party actions.

## "XI.

"During all of said times plaintiffs were employees of Al Clements Lumber Co. as boat builders and plaintiffs' said employer was an employer subject to the Workmen's Compensation Law of the State of Oregon.

## "XII.

"At the time of the accidents referred to in plaintiffs' complaints herein plaintiffs were workmen subject to the Workmen's Compensation Law of Oregon and employed by an employer subject to said law and their alleged injuries were sustained by accident arising out of and in the course of their employment.

"XIII.

"During all of said times, defendant, in connection with its proprietary functions, as performed by the Department of Public Docks, was an employer subject to the Workmen's Compensation Law of the State of Oregon."

ORS 656.154, the governing statute, provides:

"(1) If the injury to a workman is due to the negligence or wrong of a third person not in the same employ, the injured workman, or if death results from the injury, his widow, children or other dependents, as the case may be, may elect to seek a remedy against such third person. However, no action shall be brought against any such third person if he or his workman causing the injury was, at the time of the injury, on premises over which he had joint supervision and control with the employer of the injured workman and was an employer subject to ORS 656.002 to 656.590.

"(2) As used in this section, 'premises' means the place where the employer, or his workman causing the jury, and the employer of the injured workman, are engaged in the furtherance of a common enterprise or the accomplishment of the same or related purposes in operation."

The question of the proper application of the portion of the foregoing section, which provides for an exception to the right to bring an action against a third person, has been considered by this court in five cases in the context of varying states of fact. In three of these cases we held that the action could not be maintained and the plaintiff's sole remedy was under the Workmen's Compensation Law. *Inwall v. Transpacific Lumber Co.*, 165 Or 560, 108 P2d 522; *Brown v. Underwood Lumber Co.*, 172 Or 261, 141 P2d 527; *Atkinson v. Fairview Dairy Farms*, 190 Or 1, 222 P2d 732. In two cases the conclusion was the other way. *Kosmecki*

*v. Portland Stevedoring Co.*, 190 Or 85, 223 P2d 1035; *Johnson v. Timber Structures, Inc.*, 203 Or 670, 281 P2d 723. In all these cases except *Brown v. Underwood Lumber Co.* there was the common feature of delivery of a commodity by one employer to another.

The earlier cases except Kosmecki are reviewed in the opinions in the Atkinson and Johnson cases. Kosmecki sustained the plaintiff's right to proceed against the third party because his duties were not performed on the same premises where the employees of the defendant were working. In Johnson, the most recent decision, we held that where a truck driver, working for one employer, delivered sawdust to the plant of another employer and had no duty to perform there save to dump the material at a place designated by the latter's employee, there was no joint supervision and control of the premises to which the sawdust was delivered. A specially concurring opinion, in which four of the justices joined, held further that the employers were not "engaged in the furtherance of a common enterprise or the accomplishment of the same or related purposes in operation."

We think that the Inwall case establishes the correct construction of the statute. It was there said that it need not appear that the workmen formally entered into an agreement to become engaged in the further-ance of a common enterprise. "All that is essential is that they occupy the same premises and perform component parts of a general undertaking." 165 Or at 571. The specially concurring opinion in the Johnson case was not intended to announce a different rule. See 203 Or at 695.

██ The evidence in this case fails to disclose that this requirement is met. The enterprise in which the City was engaged was the launching of the lumber com-

pany's boat. The plaintiffs were boat builders. Pursuant to consent obtained by their employer from the City, they arrived at Terminal No. 1 an hour and a quarter before the arrival of the City's dock and train crews "for the purpose of working on said boat for their employers." This work, so far as the stipulation shows, could have been performed just as well at the place where the boat was built and had no more to do with the launching than the laying of the hull. It does not appear even that the plaintiffs participated in the work of transporting the boat to the dock. They did, it is true, at the request of the City's employees, place wooden blocks between the slings and the hull of the boat to protect the hull paint, and this work, it may be assumed, was incidental to the launching operation. But it was outside the scope of their duties. "It is the nature and character of the employee's work, while acting within the scope of his employment, that determines the classification of the employment under the statute." *Brown v. Underwood Lumber Co.*, 172 Or at 267.

We are of the opinion that the plaintiffs' employer was not engaged in the furtherance of a common enterprise with the City or with the accomplishment of the same or related purposes, and, therefore, that the court erred in sustaining the supplemental answer and entering judgment for the defendant.

The judgment is reversed and the cause remanded for further proceedings conformable to this opinion.