Argued December 18, 1957, affirmed January 15, 1958

PLUMMER *v.* DONALD M. DRAKE COMPANY

320 P. 2d 245

*C. S. Emmons* argued the cause for appellant. On the brief were Willis, Kyle & Emmons, Albany, and James F. Bodie, Prineville.

*Robert T. Mautz* argued the cause for respondent. On the brief were Mautz, Souther, Spaulding, Denecke & Kinsey, Portland.

LUSK, J.

The principal question in this case is upon the constitutionality of the section of the Workmen's Compensation Law of this state, ORS 656.154, which prescribes the conditions under which a workman subject to the act, who suffers an injury due to the negligence or wrong of a third person not in the same employ, may seek redress against such third person. This section, with some modifications, has been a part of the compensation law since its enactment in 1913 (Oregon Laws 1913, ch 112, § 12). Its constitutional validity was once before questioned, but on a different ground than that taken by the plaintiff here. See *Atkinson v. Fairview Dairy Farms,* 190 Or 1, 13, 222 P2d 732.

The section reads:

"(1) If the injury to a workman is due to the negligence or wrong of a third person not in the same employ, the injured workman, or if death results from the injury, his widow, children or other dependents, as the case may be, may elect to seek a remedy against such third person. However, no action shall be brought against any such third person if he or his workman causing the injury was, at the time of the injury, on premises over which he had joint supervision and control with the employer of the injured workman and was an employer subject to ORS 656.002 to 656.590.

"(2) As used in this section, 'premises' means the place where the employer, or his workman causing the injury, and the employer of the injured workman, are engaged in the furtherance of a common enterprise or the accomplishment of the same or related purposes in operation."

The plaintiff filed his complaint alleging that he was an employee of a firm of architects engaged in the inspection of construction of a new high school building in Salem, and that the defendant was the general contractor for such construction; that the plaintiff was required to inspect the work of the defendant while it was engaged in pouring concrete into forms set up for that purpose, and to work in and around the place where the defendant was pouring concrete, and in and around the machinery being operated by the defendant; and that, as a result of the defendant's negligence in the operation of a motor-driven crane with a long boom thereon, a bucket full of concrete, which was suspended from the boom, swung out of control and struck the plaintiff, knocking him down and injuring him.

Included in defendant's answer to the complaint is a supplemental answer, as provided for by ORS 656.324 (3) which reads as follows:

"I.

"That defendant is a corporation organized and existing under the laws of the State of Oregon and engaged generally in the construction business, and that defendant was the general contractor for the construction of the new high school in the City of Salem, Marion County, Oregon, and was actually engaged in the construction of said building.

"II.

"That Freeman, Hayslip & Tuff was and is a firm of architects and said firm was the architect

employed as such on the construction of said new high school, the construction work of which as general contractor was being performed by the defendant.

## "III.

"That at all times mentioned in plaintiff's complaint and herein the defendant and said firm of architects were employers subject to the Workmen's Compensation Law of the State of Oregon and in full compliance therewith.

## "IV.

"That at the times referred to in plaintiff's complaint and herein the plaintiff was an employee of said architect and his work was subject to the Workmen's Compensation Law of the State of Oregon and subsequent to the accident referred to in plaintiff's complaint the plaintiff filed claim with the State Industrial Accident Commission of the State of Oregon for the benefits provided by the Workmen's Compensation Law and proceedings were thereupon had upon said claim and pursuant thereto the State Industrial Accident Commission paid to the plaintiff and plaintiff received and accepted, and as far as this defendant knows is receiving and accepting the benefits to which he is entitled under said law.

## "V.

"That at the time of the accident referred to in plainitff's complaint and herein plaintiff was a workman subject to the Workmen's Compensation Law of Oregon and was employed by an employer subject to said law and the defendant was an employer subject to said law and at said time the plaintiff was on premises over which his employer and the defendant had joint supervision and control and where they were engaged in the furtherance of a common enterprise and the accomplishment of the same or related purposes within the purpose, pur-

port and meaning of the Workmen's Compensation Law of the State of Oregon in that plaintiff's employer was the architect for the construction of a high school building and the defendant was the general contractor for the construction of said building and by virtue thereof the plaintiff is exclusively confined to his claim under the Workmen's Compensation Law of Oregon in lieu of any and all claims against the defendant arising out of said accident."

Plaintiff demurred to the supplemental answer on the ground that it did not state a defense, and appended to his demurrer a notice that in presenting it he would rely on §§ 10, 17 and 20 of the Oregon Constitution and *Grasse v. Dealer's Transport Co.*, 412 Ill 179, 106 NE2d 124, and *Kleinschmidt v. Matthieu Estate*, 201 Or 406, 266 P2d 686.

Plaintiff's constitutional challenge is on narrow ground. He says that the statute discriminates in favor of a workman who is injured through the negligence of one who is *not* subject to the compensation law and against a workman who is injured through the negligence of one who *is* subject to the compensation law. If the other conditions of the statute are fulfilled, the former may seek redress against the tort feasor in a common-law action, but the latter is limited to his remedy under the compensation law. This, it is urged, constitutes a violation of Art I, § 20, Oregon Constitution.[1]

The Workmen's Compensation Law of this state was enacted for the purpose of correcting recognized evils inherent in litigation between employees and employers on account of injuries sustained by workmen.

---

[1] "No law shall be passed granting to any citizen or class of citizens, privileges or immunities which, upon the same terms, shall not equally belong to all citizens."

Preamble, ORS 656.004. The statute has been held constitutional by this court, *Evanhoff v. State Industrial Acc. Com.,* 78 Or 503, 524, 154 P 106; and, as said by Mr. Justice McBRIDE in that case at p 524:

"* * * It has been a boon to the employers, the employed, and the community, which latter could formerly only offer to the injured laborer the charity of the almshouse instead of that just compensation which he may now receive without the humiliation of pauperism or the loss of self-respect."

See, also, *Roles Shingle Co. v. Bergerson,* 142 Or 131, 135, 19 P2d 94.

Compensation laws of other states, more far reaching than ours because they are obligatory upon both employers and employees in hazardous occupations, whereas the Oregon act gives the employer an election not to be subject to it (ORS 656.024), have been sustained by the Supreme Court of the United States. *Mountain Timber Co. v. Washington,* 243 US 219, 61 L ed 685, 37 S Ct 260, Ann Cas 1917D 642; *New York Central R. R. Co. v. White,* 243 US 188, 61 L ed 667, 37 S Ct 247, Ann Cas 1917D 629. He would be bold, indeed, who would today question the power of the legislature to enact this type of legislation.

ORS 656.154, which is referred to by counsel as the immunity clause, has been construed and applied in a number of cases by this court, the most recent of which is *Hensler v. City of Portland,* 212 Or 28, 318 P2d 313. The others are: *Johnson v. Timber Structures, Inc.,* 203 Or 670, 281 P2d 723; *Kosmecki v. Portland Stevedoring Co.,* 190 Or 85, 223 P2d 1035; *Atkinson v. Fairview Dairy Farms,* supra; *Brown v. Underwood Lumber Co.,* 172 Or 261, 141 P2d 527; *Inwall v. Transpacific Lumber Co.,* 165 Or 560, 108 P2d 522.

In the Atkinson case, as stated, the constitutionality of the immunity clause, as there applied, was challenged. We construed the clause to apply to a case of assault and battery and, as so construed, held that it was immune to constitutional attack.

The controlling principles which guide the courts in determining questions of alleged unconstitutional discrimination or class legislation are the same whether it is the equal protection clause of the Fourteenth Amendment of the Constitution of the United States which is invoked, or the privileges and immunities provision in Art I, § 20 of the Oregon Constitution. Fundamentally, classification is a matter committed to the discretion of the legislature and the courts will not interfere with the legislative judgment unless it is palpably arbitrary. The decisions of this court and the Supreme Court of the United States upon the subject are reviewed in *State of Oregon v. Pirkey,* 203 Or 697, 281 P2d 698, and *Savage v. Martin,* 161 Or 660, 694, 91 P2d 273.

In the recent case of *Hand v. Greyhound Corporation,* 49 Wash2d 171, 299 P2d 554, an immunity clause of the Washington Compensation Law similar to that in the Oregon law was sustained as against a claim by an injured employee of denial of equal protection of the laws. Long prior to this decision the Supreme Court of the United States in *Northern Pacific Railway Co. v. Meese,* 239 US 614, 60 L ed 467, 36 S Ct 223 (1916), summarily rejected the identical contention with respect to the Washington statute. The Court of Appeals for the 9th Circuit announced a similar ruling on the authority of the Meese case in *Williamson v. Weyerhaeuser Timber Co.,* 221 F2d 515.

Counsel for plaintiff would distinguish these cases because in Washington all employers engaged in what

are termed "extrahazardous" occupations are subject to the compensation law, whereas in Oregon employers are given the option to reject the act. So far as the present question is concerned, this is a distinction without a difference. Counsel argue that the mere circumstance that an employer, by his own election, is not subject to the act is not an adequate basis for placing him in a different class from an employer who has not so elected. But it is the very circumstance that both employers—the injured workman's and the one who caused the injury—are subject to the act which justifies the classification and harmonizes the provision with the genius and purposes of the legislation. Whether the employer who caused the injury is under the act by compulsion of the statute or voluntarily is beside the point. The immunity section of the Minnesota Compensation Law furnished the model for ours. (See the specially concurring opinion of Mr. Justice Tooze in *Johnson v. Timber Structures, Inc.*, 203 Or 670, 686, 281 P2d 723.) As pointed out in *Rasmussen v. George Benz & Sons*, 168 Minn 319, 325, 210 NW 75:

> "* * * Being engaged in a 'common enterprise' or in the 'accomplishment of the same' or 'related purposes' in operation on the premises puts all the employers so engaged in the relative, if not actual, position of an employer of any such employe. * * * In short the community of interest gives the third party, who is subject to the compensation act, under this statute the status of an employer toward the employe."[2]

Cf. *Matheny v. Edwards Ice Machine & Supply Co.*, 39 F2d 70 (9th Circuit).

---

[2] The Minnesota statute at that time allowed the employee to proceed against the third party for negligence, but limited his recovery to the amount provided in the compensation law. 168 Minn 326-327. This fact, however, does not make any the less pertinent the Minnesota court's language.

We assume that considerations such as these were the basis of the legislative judgment which drew the line between employers subject to the act and those not subject to it. We cannot say that there is no rational basis for that distinction.

Plaintiff's reliance is on *Grasse v. Dealer's Transport Co.*, supra, 412 Ill at 196. This decision was considered at length by the Washington court in *Hand v. Greyhound Corporation,* supra, and distinguished because of marked differences between the Illinois and Washington statutes which are likewise found between the Oregon and Illinois statutes. Another point of distinction not referred to by the Washington court is apparent from the following language taken from the opinion in the Grasse case: "The sole basis for differentiation, as far as the injured employee is concerned, is a fortuitous circumstance—whether the third party tortfeasor happens to be under the act." Under the Oregon statute the so-called "fortuitous circumstance" is not the sole basis of differentiation, but in addition there is the requirement of joint supervision and control by the third party and the employer of the injured workman of the premises where the injury occurred. This provision, as we have seen, has an important bearing on the question of the reasonableness of the classification. If, however, it could be said that the Illinois decision is indistinguishable, then this court would refuse to follow it, if for no other reason than that it would be in conflict with *Northern Pacific Railway Co. v. Meese* and *Williamson v. Weyerhaeuser Timber Co.* It is worthy of note that the immunity section of the Washington statute, as it read when it was sustained by the Supreme Court of the United States in the Meese case, permitted an action to be brought against a negligent third party only where the

injury occurred away from the plant of the employer. Washington Laws 1911, ch 74, § 2. The provision was substantially the same as the original immunity section of the Oregon statute, Oregon Laws 1913, ch 112, § 12. Both were more restrictive of the right of injured workmen subject to the compensation law to sue a negligent third party than our present statute. The Washington statute now prohibits such an action "if, at the time of the accident, such employer or such workman was in the course of any extrahazardous employment under this title." RCW 51.24.010. It is this statute which was before the Court of Appeals of the United States in *Williamson v. Weyerhaeuser Timber Co.* and which that court was asked to declare unconstitutional on the authority of *Grasse v. Dealer's Transport Co.* As stated, the court dismissed the contention as without merit on the authority of *Northern Pacific Railway Co. v. Meese.*

We are of the opinion that the plaintiff's contention here is equally devoid of merit.

Apparently as an afterthought, counsel for plaintiff argue that, even though the statue be constitutional, still the supplemental answer fails to state facts sufficient to bring the case within the protection of the statute. The answer alleges, in substance, that the defendant was the contractor engaged in the construction of a new high school building, and the plaintiff's employer was the architect on the same job; that both employers were subject to the Workmen's Compensation Law; and that at the time of the alleged accident plaintiff was on premises over which his employer and the defendant had joint supervision and control by reason of the facts just stated. The supplemental answer is aided by allegations of Paragraph II of the complaint (which are admitted by the answer), that

on the day of the accident the plaintiff was working for his employers on the construction work referred to and suffered an accidental injury in connection with his employment. See *Compton v. Perkins,* 144 Or 346, 357, 24 P2d 670; 71 CJS 1173, Pleadings § 590 c. We think that the supplemental answer states facts sufficient to raise the issue of immunity under the statute, and that it is not open to the objection that it consists merely of conclusions of law. Indeed, it may well be questioned, although we do not now determine the point, whether it is necessary for the supplemental answer to go beyond the bare language of the statute, in view of the fact that it is provided that a challenge to the right to bring a third party action "shall be determined by the court as a matter of law." ORS 656.324 (3).

Counsel for the plaintiff also suggest that, even though the judgment should be affirmed, this is a proper case to remand to the circuit court so that the question of joint supervision and control may be determined as one of fact. *Coblentz v. State Ind. Acc. Com.,* 203 Or 258, 279 P2d 503, is cited as a precedent for such a course. Where the plaintiff stands on his demurrer to an answer after it has been overruled and refuses to plead over, and allows judgment to be entered against him on the pleadings, the general rule is that, if the judgment is affirmed on appeal, that is the end of the case. The same rule is applicable where a party refuses to amend after a demurrer to his complaint is sustained. That is what occurred in the Coblentz case. We did not follow the general rule there because of "peculiar and exceptional circumstances." 203 Or at 267. These were that the plaintiff, by concession of the attorney general, was probably entitled to compensation under the Workmen's Compensation Law, and that the attorney general recom-

mended to this court that the judgment be affirmed and the cause remanded to the circuit court so that a defect in the complaint could be supplied. The present case is quite different. If the plaintiff should establish the facts alleged in his complaint—and we must assume for present purposes that those are the facts—he would without doubt also establish that he is barred from maintaining this action by ORS 656.154. That is the necessary effect of *Inwall v. Transpacific Lumber Co., Brown v. Underwood Lumber Co., Atkinson v. Fairview Dairy Farms,* all supra. The specially concurring opinion in *Johnson Timber Structures, Inc.,* supra, is not to be construed as contrary to these decisions. See *Hensler v. City of Portland,* supra, 318 P2d at 316. We are, therefore, constrained to deny the application to remand the case to the circuit court for further proceedings.

The judgment is affirmed.