# CHOSE, *Appellant,*

## *v.*

# TRUS JOIST CORPORATION, *Respondent.*

## (No. 74-1648, SC 24535)

564 P2d 1351

Robert Gardner, Corvallis, argued the cause for appellant. On the brief was Ringo, Walton & Eves, Corvallis.

Edward V. O'Reilly, Eugene, argued the cause and filed a brief for respondent.

Before Denecke, Chief Justice, and Holman, Lent, and Campbell, Justices.

HOLMAN, J.

## HOLMAN, J.

Plaintiff brought an action upon a third party claim for damages for personal injuries. The trial court dismissed plaintiff's complaint on the ground that the suit was barred by ORS 656.154, the "joint supervision and control" provision of the Workmen's Compensation Law. Plaintiff appeals.

Defendant Trus Joist Corporation undertook to construct an addition to its plant in Eugene. It acted as its own general contractor, using its own employees and equipment for portions of the work and subcontractors for other portions. Plaintiff was employed by one of the subcontractors, McPheeters Electric Co., which was installing wiring in the addition. Both defendant and McPheeters were employers subject to the Workmen's Compensation Law. To facilitate work at high levels, defendant had constructed a movable platform to be used in conjunction with a lift truck. The platform and the lift truck were used not only by defendant's employees but also, with defendant's authorization, by the employees of subcontractors. Plaintiff alleges that on or about May 21, 1973, approximately one year after the platform was constructed, plaintiff was working on top of the platform when he fell from it and was injured. Plaintiff brought a suit alleging that his injuries were caused by defendant's negligence in designing and constructing the platform.

The trial court held that plaintiff's suit against defendant was barred by ORS 656.154 of the Workmen's Compensation Law as it read prior to its amendment in 1975:

"(1) If the injury to a workman is due to the negligence or wrong of a third person not in the same employ, the injured workman, or if death results from the injury, his widow, children or other dependents, as the case may be, may elect to seek a remedy against such third person. However, no action shall be brought against any such third person if he or his workman causing the injury was, at the time of the injury, on

[ 567 ]

premises over which he had joint supervision and control with the employer of the injured workman and was an employer subject to ORS 656.001 to 656.794.

"(2) As used in this section, 'premises' means the place where the employer, or his workman causing the injury, and the employer of the injured workman, are engaged in the furtherance of a common enterprise or the accomplishment of the same or related purposes in operation.

"* * * * *."

We have interpreted this provision to mean that in order for an action to be barred it must appear (1) that defendant and plaintiff's employer were employers subject to the Workmen's Compensation Law; (2) that defendant or its workman causing the injury had joint supervision and control with plaintiff's employer over the premises upon which the injury occurred; and (3) that defendant and plaintiff's employer were engaged in the furtherance of a common enterprise or in the accomplishment of the same or related purposes in operation—that is, that plaintiff was working with defendant's employees in a common activity which caused him to be exposed to the hazards created by the mutual engagement of the employers. *Deitz v. Savaria, Smith,* 260 Or 538, 541-42, 491 P2d 620 (1971).[1]

It is stipulated that (1) defendant and plaintiff's employer were employers subject to the Workmen's Compensation Law and (2) defendant had joint supervision and control with plaintiff's employer over the premises. Under our decision in *Deitz* we readily conclude that (3) defendant and plaintiff's employer were engaged in the furtherance of a common enterprise. In *Deitz* we held that a municipal building inspector was barred by ORS 656.154 from suing a construction firm on whose job site he had been injured when a scaffolding collapsed beneath him. The

---

[1] Although the provision was substantially amended in 1975, we have held that the amendment is not retroactive in its application. *Cole v. Zidell Explorations, Inc.,* 275 Or 317, 550 P2d 1194 (1976).

"common enterprise" in that case was held to be the construction of a building in conformance with applicable standards. We said, 260 Or at 546:

"Although the case is a close one, it is our conclusion that, in this day and age, the inspection of a building is as much a necessary part of the building's construction as is *the installation of the electrical equipment* or plumbing. * * *." (Emphasis added.)

If *Deitz* was a close case for a common enterprise, the present case is an easy one.

Plaintiff contends, however, that ORS 656.154 ought not to apply to the present case because the alleged negligence in the design and construction of the platform occurred prior to and outside of the joint supervision and control of the premises. Plaintiff acknowledges that we rejected this contention in *Mason v. Sutherlin Machine Works,* 240 Or 51, 55, 399 P2d 1016 (1965), where we concluded,

"Since under the act the injured workman may not sue his own employer, regardless of when the negligence occurs that leads to the injury, it follows that where separate employers are in a situation contemplated by the act so that they are regarded as acting as a single employer of all, a cause of action against any employer as a third party so situated does not exist regardless of when negligence occurs that causes the injury on the premises under joint supervision and control."

We believed, and we still believe, that this conclusion was dictated by the statutory language specifying that there be joint supervision and control "at the time of the injury." Plaintiff asks us, in effect, to interpret this language to read "at the time of the negligence or wrong causing the injury." If our decision in *Mason* on the meaning of the statutory language was contrary to actual legislative policy, the legislature could have rewritten the language in the eight years between that decision and plaintiff's alleged injury. In all that time the legislature did not choose to rewrite the language.

Affirmed.