Argued and submitted August 20, rule upheld November 13, 1979

In the Matter of the Proposed
Amendments to and Adoption of
Certain Rules Pertaining to
Escrows and Escrow Agents,
KEY TITLE COMPANY,
*Petitioner,*
*v.*
REAL ESTATE DIVISION,
*Respondent.*

(CA 13458)

602 P2d 663

[177]

Kenneth A. Holmes, Salem, argued the cause for petitioner.

Al J. Laue, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were James A. Redden, Attorney General, and Walter L. Barrie, Solicitor General, Salem.

Before Joseph, Presiding Judge, and Lee and Richardson, Judges.

LEE, J.

## LEE, J.

Petitioner seeks judicial review of Oregon Administrative Rule (OAR) 863-50-060[1] pursuant to amended ORS 183.400.[2] Petitioner contends that the rule ex-

[1] Oregon Administrative Rule 863-50-060 provides:

"(1) Subject to the requirements of this rule, client's trust funds may be placed in interest-bearing accounts with the prior written approval of all principals to the escrow transaction. Such agreements shall set forth in detail how the funds are to be handled, including but not limited to whose account the interest earnings will accrue, provisions for the disbursement of such interest, and any limitations that may be imposed on the withdrawal of clients' trust funds deposited in an interest-bearing account.

"(2) Interest earnings from the deposit of a client's trust funds may accrue to the benefit of the escrow agent only if the escrow agent and all principals to the escrow transaction have executed, prior to or at the time of opening the escrow, a separate written agreement for payment of any interest earned to the escrow agent. The agreement shall include the names principals [sic; names of principals], the name of the escrow agent, identification of the escrow transaction and an estimate by the escrow agent of the amount of interest to be earned by placement of the clients' funds in an interest-bearing account.

"(3) If an escrow agent intends to retain or retains any interest earned on clients' funds under section (2) of this rule, the agent shall include an estimate of the interest earnings in his schedule of fees submitted under subsection (5) of ORS 696.541.

"(4) An escrow agent shall deposit the clients' trust funds into an interest-bearing account denominated as a 'Trust' or 'Escrow' account as provided by ORS 696.560.

"(5) An escrow agent shall maintain a separate accounting for the deposit of funds and disposition of interest earned in each escrow transaction and handle disposition of interest earned as a disbursement in the closing of the escrow transaction.

"(6) The escrow agent shall maintain a separate interest-bearing account for each escrow transaction subject to this rule so that the clients' trust funds involved in one escrow transaction are not commingled with the clients' trust funds involved in other escrow transactions."

[2] Amended ORS 183.400 was amended by Oregon Laws 1979, ch 593, § 7, p 167, and provides in pertinent part:

"(1) The validity of any rule may be determined upon a petition by any person to the Court of Appeals in the manner provided for review of orders in contested cases. The court shall have jurisdiction to review the validity of the rule whether or not the petitioner has first requested the agency to pass upon the validity of the rule in question, but not

[179]

ceeds respondent Real Estate Commissioner's statutory authority and violates the privilege and immunity provision of Art I,§ 20 of the Oregon Constitution.[3] Petitioner also seeks a declaratory ruling that funds deposited in interest bearing accounts *after* the closing of an escrow are not subject to the rule.

ORS 696.508(1) vests the Commissioner with the duty to "protect the public" by "uniform and equitable regulation of all escrow agents". ORS 696.541(1) authorizes the the Commissioner to "adopt such rules as reasonably necessary for the enforcement of ORS 696.505 to 696.585". Petitioner contends that OAR 863-50-060 is "an arbitrary economic restriction not reasonably related to the enforcement of any of the provisions of the Law, or for the protection of any interest of the public". No contention is made that the statutorily required procedures were not observed in adopting the rule.

Arguably, if an escrow agent were receiving interest income from escrow funds during the course of the escrow, there would be an incentive based on self interest to prolong the term of the escrow. Thus, the

when the petitioner is a party to an order or a contested case in which the validity of the rule may be determined by a court.

"(2) The validity of any applicable rule may also be determined by a court, upon review of an order in any manner provided by law or pursuant to ORS 183.480 or upon enforcement of such rule or order in the manner provided by law.

"(3) Judicial review of a rule shall be limited to an examination of: (a) The rule under review; (b) the statutory provisions authorizing the rule; and (c) copies of all documents necessary to demonstrate compliance with applicable rulemaking procedures.

"[(3)](4) The court shall declare the rule invalid only if it finds that the rule: (a) Violates constitutional provisions or; (b) exceeds the statutory authority of the agency or; (c) was adopted without compliance with applicable rulemaking procedures.

"* * * * *"

[3] Art 1, § 20 of the Oregon Constitution provides:

"No law shall be passed granting to any citizen or class of citizens privileges, or immunities, which, upon the same terms, shall not equally belong to all citizens."

[180]

ule is within the Commissioner's statutory "authority
o protect the public." ORS 696.508(1).

Petitioner next contends that the rule violates its
constitutional rights because ORS 696.241(6)[4] permits
a real estate broker to retain interest earned on trust
funds whereas escrow agents are proscribed from do-
ing so. Again, arguably, protection against self inter-
est is essential in escrow transactions as distinguished
from permissible exercise of self interest by real estate
brokers. We find nothing palpably arbitrary in the
distinction that exists. *Cf. Plummer v. Donald M.
Drake Co.,* 212 Or 430, 437, 320 P2d 245 (1958) and
*Mallatt v. Luihn,* 206 Or 678, 702, 294 P2d 871 (1956).
There was no violation of Art I, § 20 of the Oregon
Constitution.

Finally, petitioner seeks a declaratory ruling con-
cerning the Commissioner's interpretation of OAR
863-50-060 by a letter dated February 16, 1979, re-
garding interest bearing accounts *after* closure of the
escrow. No request was made to the Commissioner for
a declaratory ruling concerning that interpretation as
permitted by ORS 183.410,[5] which provides that an

[4] ORS 696.241(6) provides:

"Trust funds received by a real estate broker may be placed in a
federally insurared interest-bearing savings account, designated a
"Clients' Trust Account," but only with the written approval of all
parties having an interest in said fund. The earnings of such interest-
bearing account shall not inure to the benefit of the real estate broker
unless expressly approved by all interested parties."

[5] ORS 183.410 provides:

"On petition of any interested person, any agency may in its
discretion issue a declaratory ruling with respect to the applicability to
any person, property, or state of facts of any rule or statute enforceable
by it. A declaratory ruling is binding between the agency and the
petitioner on the state of facts alleged, unless it is altered or set aside
by a court. However, the agency may, where the ruling is adverse to the
petitioner, review the ruling and alter it if requested by the petitioner.
Binding rulings provided by this section are subject to review in the
Court of Appeals in the manner provided in ORS 183.480 for the review
of orders in contested cases. The Attorney General shall prescribe by
rule the form for such petitions and the procedure for their submission,
consideration and disposition. The petitioner shall have the right to
submit briefs and present oral argument at any declaratory ruling
proceeding held pursuant to this section."

[181]

agency may "issue a declaratory ruling with respect to the applicability" of "any rule or statute enforceable by it" and that such rulings are "subject to review in this court" in the manner provided for the review of orders in *contested cases.* Since no declaration was sought under ORS 183.410 and the sole basis of our jurisdiction here is ORS 183.400, we do not reach the interpretation issue.

Rule upheld.