Argued September 28, rules upheld December 6, 1976

BASSETT, *Petitioner,*
*v.*
STATE FISH AND WILDLIFE COMMISSION,
*Respondent.*
(CA 6204)
556 P2d 1382

*Michael Brian,* Medford, argued the cause and filed the brief for petitioner.

*Al J. Laue,* Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Lee Johnson, Attorney General, and W. Michael Gillette, Solicitor General, Salem.

Before Schwab, Chief Judge, and Fort and Lee, Judges.

SCHWAB, C. J.

**SCHWAB, C. J.**

This is a direct appeal pursuant to ORS 183.400[1] challenging the validity of rules promulgated by respondent.

On October 1, 1975, the Administrative Rules Bulletin carried a notice that respondent intended to adopt rules to be applicable in 1976 concerning both game-fish angling and personal use of ocean foodfish, shellfish and intertidal animals. The notice invited interested persons to present their views in writing or orally at a hearing scheduled for October 25, 1975, and stated that copies of the proposed rules were available upon request.

On October 24, 1975, respondent submitted a copy of its proposed rules to the Legislative Counsel Committee. The next day, following the announced hearing, respondent adopted angling and personal-use rules for 1976. This dispute has arisen because the rules which were adopted by respondent differ from the proposed rules submitted by it to the Legislative Counsel Committee and made available to the public in that the adopted rules prohibit bait fishing for trout on certain portions of the Williamson and Blitzen Rivers.

Petitioner contends first that since the adopted rules differ from the proposed rules, the notice published in the Administrative Rules Bulletin did not comply with the notice requirement of ORS 183.335(2), which requires advance notice "in sufficient detail to inform a person that his interests may be affected." The notice of respondent's intent to adopt

---

[1] ORS 183.400 provides:

"(1) The validity of any rule may be determined upon a petition by any person to the Court of Appeals in the manner provided for review of orders in contested cases * * *.

"* * * * *

"(3) The court shall declare the rule invalid only if it finds that the rule: (a) Violates constitutional provisions or; (b) exceeds the statutory authority of the agency or; (c) was adopted without compliance with applicable rulemaking procedures."

the angling rules stated that respondent would "adopt rules relating to the 1976 angling regulations for all game fish." The notice stated more specifically that respondent intended to adopt or modify Oregon Administrative Rules 635-30-005 through 635-30-030 (the rules which govern all types of game fishing on all waters in Oregon including trout fishing on the Williamson and Blitzen Rivers). That the adopted rules differ from the proposed rules does not affect the adequacy of the notice. The adopted rules did not cover a subject not specified in the notice; the same subject matter—the permissible methods of trout fishing on the Williamson and Blitzen Rivers—was involved in both the proposed and adopted rules.

The purpose of the notice requirement for rule making is twofold. It serves to inform the interested public about intended agency action. It triggers the opportunity for an agency to receive the benefit of the thinking of the public on the matters being considered. The notice requirement contemplates that an agency may often desire to alter a proposed rule after receiving public comment. To require, as petitioner would apparently have us do, that any modification of a proposed rule after hearing necessitates still another notice and another hearing would produce an unwieldy procedure and also might well result in either hearing after hearing or an agency reluctant to change a single word of its original proposals no matter how persuasive the arguments for change offered at the hearing.

Petitioner next argues that respondent, by changing the content of the rules after it submitted the rules to the Legislative Counsel Committee, violated ORS 171.707(1),[2] which requires that "a draft" of proposed

[2]ORS 171.707(1) provides:

"Prior to the adoption of a rule authorized or required by law an agency shall submit a draft of the proposed rule to the Legislative Counsel Committee and the Legislative Counsel for review pursuant to ORS 171.709 * * *."

Compliance with ORS 171.707(1) is made a prerequisite to rule making by ORS 183.335(10).

rules be submitted to the Legislative Counsel Committee. Petitioner's contention is that the rules eventually adopted by an agency must be identical to the rules submitted to the Legislative Counsel Committee. This argument does not recognize that the phrase "a draft" refers to a preliminary formulation of rules. In addition, ORS 171.707(1) must be read in conjunction with ORS 171.707(2), which provides:

> "Nothing in subsection (1) of this section limits the right of the committee or Legislative Counsel to review *the final draft* of the rule adopted by the state agency * * *." (Emphasis supplied.)

The use of the phrase "final draft" in ORS 171.707(2) as opposed to the use of "a draft" in ORS 171.707(1) indicates that the legislature anticipated that proposed rules might be altered after the mandatory submission of "a [preliminary] draft" to the Legislative Counsel Committee.

■ Petitioner urges that since there is no showing in the record that respondent discharged its statutory obligation imposed by ORS 496.162(1)(a)[3] of investigating the supply and condition of wildlife prior to the promulgation of the rules, the rules are invalid. In *Int'l Cncl Shopping Cntrs v. Env. Quality Comm.,* 27 Or App 321, 556 P2d 138 (1976), we held that under Oregon's Administrative Procedures Act a record of the factual basis for rule making cannot be required in a petition for direct review of rules. Thus, even if compliance with ORS 496.162(1)(a) is a prerequisite to respondent's authority to issue rules, a factual inquiry into the issue of compliance must await a different proceeding such as one involving the enforcement of the promulgated rules. Consequently, the failure of the record to show that respondent had conducted the

---

[3] ORS 496.162(1)(a) provides:

"(1) After investigation of the supply and condition of wildlife, the commission, at appropriate times each year, shall by rule:

"(a) Prescribe the times, places and manner in which wildlife may be taken by angling * * * and the amounts of each of those wildlife species that may be taken and possessed."

[ 643 ]

statutorily mandated investigation does not compel a finding in this proceeding that the rules are invalid.

■ Petitioner next maintains that the adopted rules violated Art I, § 20, of the Oregon Constitution by granting a monopoly to fly and artificial-lure fishermen on the restricted portions of the Williamson and Blitzen Rivers. Even assuming that a class consisting of bait fishermen is a class protected by Art I, § 20, of the Oregon Constitution, petitioner has not shown that such a classification is unreasonable. *See School Dist. No. 12 v. Wasco County,* 270 Or 622, 529 P2d 386 (1974); *Plummer v. Donald M. Drake Co.,* 212 Or 430, 320 P2d 245 (1958). We recognize that the burden of showing the unreasonableness of a classification may be a difficult one to meet, relying only on the record that is available in an ORS 183.400 proceeding. *See Int'l Cncl Shopping Cntrs v. Env. Quality Comm., supra.* Consideration of whether a classification, not facially unreasonable, is unreasonable either in intent, application, or effect may be required to await the more complete record which can be developed in an adversary-type proceeding.

■ Petitioner's final contention is that by the terms of ORS 183.495 he should be awarded attorney fees incurred in the prosecution of this appeal. Even if he had prevailed, he would not be entitled to attorney fees. ORS 183.495, in authorizing attorney fees, refers only to "judicial review of a final order of an agency." A rule is not a final order of an agency.

Rules upheld.

**LEE, J.** dissenting in part.

I dissent because the "notice" requirement of ORS 183.335(2) is emasculated by the majority holding.

ORS 183.335(1)(b), (2) and (9) provide:
  "(1) Prior to the adoption, amendment or repeal of

any rule, the agency shall give *notice* of the proposed adoption, amendment or repeal:

"* * * * *

"(b) In the bulletin referred to in ORS 183.360 at least 10 days prior to the effective date * * *

"* * * * *

"(2) The *notice* required by subsection (1) of this section shall state the subject matter and purpose of the intended action in *sufficient detail to inform a person that his interests may be affected,* and the time, place and manner in which interested persons may present their views on the intended action.

"* * * * *

"(9) No rule adopted after October 5, 1973, is valid unless adopted in substantial compliance with this section.

"* * * * *." (Emphasis supplied.)

The majority appears to hold that a general notice of intent to "adopt rules relating to the 1976 angling regulations for all game fish" is sufficient to permit the adoption of *any rules whatsoever.* For example, under the majority's holding the Commission could also have adopted a rule restricting all Oregon streams to fly fishing only. The prospect of such unrestricted rule-making power without specific notice is contrary to my understanding of the notice required by the statutes.

ORS 183.360(3)(a) provides:

"The Secretary of State shall publish at at least monthly intervals a bulletin which:

"(a) Briefly indicates the agencies that are proposing to adopt, amend or repeal a rule, the *subject matter of the rule* and the name, address and telephone number of an agency officer or employe from whom information and a *copy of any proposed rule may be obtained.*" (Emphasis supplied.)

In my view, the provision in ORS 183.360(3)(a) that the Secretary of State shall indicate in the notice where a "copy of any proposed rule may be obtained" is to afford an interested person an opportunity to be

heard concerning any specific rule proposed; i.e., the "copy" of the proposed rule referred to in the bulletin published by the Secretary of State is in effect incorporated into the "notice" by the reference in the bulletin. Thereby, an interested party can make an informed choice of whether to attend the hearing or not.

This statutory plan appears to me to be circumvented by the majority holding which would permit the Commission to publish a notice that it proposes to adopt specific rules which are set forth in the requisite "copy" and the next day after the hearing to adopt something *more* and *different* than that which was contained in the "copy" of the proposed rules.

As a general rule, I would hold that the copy of any proposed rules referred to in the notice would establish the parameters of the rules to be adopted. Subsequent to the hearing, the administrative agency would be at liberty to adopt all or part of the rules proposed in the "copy"—*but not something more.* No "unwieldy procedure" would result from such a rule and the public interest would be protected.

Since there was no mention in the copy of the proposed rules referred to in the Commission's notice that the method of angling on the Williamson and Blitzen Rivers was to be further restricted, I would hold those rules to be invalid. It would then be unnecessary to reach the other substantive issues raised.

Accordingly, I respectfully dissent.