Argued April 17, rules upheld July 16, reconsideration denied
August 21, petition for review denied October 16, 1979

INTERNATIONAL COUNCIL OF
SHOPPING CENTERS et al, *Petitioners,*
*v.*
OREGON ENVIRONMENTAL QUALITY
COMMISSION et al, *Respondents.*

(CA 5767)

597 P2d 847

Bruce H. Anderson, Eugene, argued the cause for petitioners. With him on the briefs were Douglas M. DuPriest, Coons & Anderson, Eugene, Davies, Biggs, Strayer, Stoel & Boley, Richard E. Alexander, Williams, Stark, Hiefield, Norville & Griffin, P.C., and Preston C. Hiefield, Jr., Portland.

Al J. Laue, Assistant Attorney General, Salem, argued the cause for respondents. With him on the brief were James A. Redden, Attorney General, and Walter L. Barrie, Solicitor General, Salem.

Before Schwab, Chief Judge, and Thornton, Buttler and Joseph, Judges.

JOSEPH, J.

**JOSEPH, J.**

■ This case is before us on a petition for review of the validity of certain administrative rules[1] under ORS 183.400.[2] We issued an earlier opinion in this case, denying petitioners' motion to compel respondents to supplement the record. *Int'l Cncl Shopping Cntrs v. Env. Quality Comm.,* 27 Or App 321, 556 P2d 138 (1976), *rev den*(1977). Petitioners concede the correctness of the earlier opinion, but contend (under an amended petition) that the rules are invalid because they were not accompanied by a statement of a factual basis for each rule and a statement of the reasoning which led from the factual basis to the rule. Petitioners' argument is closely akin to what we characterized in the earlier opinion as the "unarticulated premise" of their motion to compel supplementation of the record, *i.e.,* "that the factual basis for administrative rules must appear in *the record of the rulemaking proceeding.*" 27 Or App at 325.

■ Petitioners argue there are four reasons why we should declare invalid administrative rules not accompanied by a statement of the factual basis and the reasoning which led from factual basis to rule. First,

[1] The challenged rules are those of the Environmental Quality Commission regarding "indirect sources," Oregon Administrative Rules 340-20-100 through 340-20-135.

[2] ORS 183.400 provides in relevant part:

"(1) The validity of any rule may be determined upon a petition by any person to the Court of Appeals in the manner provided for review of orders in contested cases. The court shall have jurisdiction to review the validity of the rule whether or not the petitioner has first requested the agency to pass upon the validity of the rule in question, but not when the petitioner is a party to an order or a contested case in which the validity of the rule may be determined by a court.

"(2) The validity of any applicable rule may also be determined by a court, upon review of an order in any manner provided by law or pursuant to ORS 183.480 or upon enforcement of such rule or order in the manner provided by law.

"(3) The court shall declare the rule invalid only if it finds that the rule: (a) violates constitutional provisions or; (b) exceeds the statutory authority of the agency or; (c) was adopted without compliance with applicable rulemaking procedures."

they argue that such a statement is necessary for judicial review. The legislature has clearly chosen to limit the scope of our review in proceedings under ORS 183.400. We can declare a rule invalid only if we find that it violates constitutional provisions, exceeds the statutory authority of the agency or was adopted without compliance with applicable rulemaking procedures. No statement of the factual basis of the rule or the reasoning behind it is necessary for review on those grounds. As we noted in our earlier opinion:

> "Direct review of rules pursuant to ORS 183.400 remains possible, on a record like that now before us, for compliance with rulemaking procedures, for constitutionality other than substantive due process, and for being within the statutory authority of the agency when that determination can be made by a comparison of the statutes and the rules in question." 27 Or App at 327, n 5.

Second, petitioners assert that such a statement is necessary to insure that the agency has considered fully comments or data submitted to it, as required by ORS 183.335(3). We do not understand how such a statement would be any guarantee that the agency has carried out that obligation. We made it clear in our earlier opinion (27 Or App at 326-7) that in informal rulemaking an agency need not base its decisions on the submissions of interested parties. That is now set forth in the statute. ORS 183.335(12) states:

> "Unless otherwise provided by statute, the adoption, amendment or repeal of a rule by an agency need not be based upon or supported by an evidentiary record."

Third, petitioners argue that common law which pre-dated and survived the enactment of the state Administrative Procedures Act requires such a statement. Whether there has ever been such a requirement in this state we need not determine. Under ORS 183.400 we can *only* declare a rule invalid on one of the three specified grounds. We cannot therefore apply any additional requirements of common law.

Finally, petitioners contend a statement of factual basis and reasoning is required by ORS 183.335(7).[3] That section, however, applies to *proposed* rulemaking. Moreover, it was added by the legislature in 1977 and is only applicable to the 1978 amendments to the rules.[4] A prior version of ORS 183.330 did require the agency to "incorporate in any rules adopted a concise general statement of their basis and purpose." That requirement was eliminated by Oregon Laws 1971, chapter 734, section 3.

Rules upheld.

---

[3] ORS 183.335(7):

"The agency shall prepare a brief written statement on its intended action, including:

"(a) The legal authority of any jurisdiction relied upon and bearing upon the promulgation of the rule;

"(b) A statement of the need for the rule and a statement of how the rule is intended to meet the need; and

"(c) The citation of applicable portions of the principal documents, reports or studies prepared by or relied upon by the agency in considering the need for and in preparing the rule."

[4] Respondents conceded at argument that the 1978 amendments to OAR 340-20-129 could probably be held invalid because the statement required by ORS 183.335(7) (or at least the final version thereof) appears to have been dated sometime after those amendments were adopted. They were adopted as part of the settlement of a law suit. However, petitioners did not seek either in their petition or in their brief to have those amendments separately declared invalid, and we do not understand them to have so requested at argument.