Submitted July 13, rule invalidated July 24, 1979

KIDS AGAINST THE CUT, et al
*Petitioners,*

*v.*

OREGON WAGE AND HOUR COMMISSION,
*Respondent.*

(No. CA 14893)

597 P2d 1264

Robert B. Johnstone, Legal Aid Service-Multnomah Bar Association, Portland, filed the briefs for petitioners.

James A. Redden, Attorney General, Walter L. Barrie, Solicitor General, and Al J. Laue, Assistant Attorney General, Salem, filed the brief for respondent.

Before Schwab, Chief Judge, and Lee, Gillette and Campbell, Judges.

SCHWAB, C. J.

**SCHWAB, C. J.**

Pursuant to ORS 183.400, petitioners seek direct review of an action by the Wage and Hour Commission amending Oregon Administrative Rule 839-21-057 to reduce the minimum wage for persons under 18 years of age effective June 1, 1979, through August 31, 1979. The Commission agrees that petitioners have standing.

The issue is whether the Commission adequately complied with ORS 653.030, which provides:

> "The commission shall issue rules prescribing the employment of other types of persons at fixed minimum hourly wage rates lower than the minimum wage required by ORS 653.025, when the commission has determined that the application of ORS 653.025 *would substantially curtail opportunities for* employment for specific types of persons. * * * "[1] (Emphasis supplied.)

We conclude that the Commission did not make the required determination that the otherwise applicable minimum wage would curtail employment opportunities for minors, and therefore invalidate the Commission's action.

In *Int'l Cncl Shopping Cntrs v. Env. Quality Comm.,* 27 Or App 321, 556 P2d 138 (1976), *rev den* (1977), we held the Administrative Procedures Act permits a state agency to adopt rules based on information that is not placed in the record of the rulemaking proceeding. *See also, Int'l Cncl Shopping Cntrs v. Env. Quality Comm.,* 41 Or App 161, 597 P2d 847 (1979). We adhere to that interpretation of the Administrative Procedures Act. This case, however, illustrates that the legislature can impose and has imposed additional limitations on state agencies in specific statutes applicable to individual agencies. *See Marbet v. Portland Gen. Elect.,* 277 Or 447, 561 P2d 154 (1977). Here,

---

[1] ORS 653.025 sets the state minimum wage at $2.30 per hour. The amendment to OAR 839-21-057 here challenged reduced the minimum wage for minors to $1.85 per hour.

specifically, ORS 653.030 limits the Commission's authority to reduce the minimum wage for a given class of persons by requiring the Commission *first* determine the otherwise applicable minimum wage "would substantially curtail [employment] opportunities" for that class of persons.

Petitioners argue, and the Commission seems to assume, that the determination required by ORS 653.030 must be in the form of a formal finding of fact. We need not and do not here so hold. However, whatever form the required determination takes, the limitation in ORS 653.030 is meaningless unless the rulemaking record reveals in some form that the required determination was made. The record here establishes that the required determination was not made in any form.

The reduced minimum wage for minors was approved by a 2-to-1 vote. The two members of the majority explained their votes as follows, according to the Commission's minutes:

> "*Janice Wilson:* The issue of youth employment opportunities is very complex. The reason for her vote was *to allow the Commission to gather data to see whether a subminimum wage makes a difference in employment opportunities for youth.* The vote has nothing to do with how she feels philosophically. Either a subminimum wage makes a difference or it doesn't. If it doesn't, the issue is put at a rest. If it does, the Commission can take appropriate action and have a data base off which to operate.

> "*Everett Baggerly:* He would rather see people work at a wage than not work at all. Would like to see the free market have some effect on the issue. *He does not believe employment opportunities will increase* and doesn't believe the effects of the summer minimum wage can be accurately measured. He does feel the Wage and Hour Commission should make the effort however.

> "*He does not believe the Commission's action will create jobs.* Business creates jobs. Honest employers

[182]

believe a subminimum wage will help create jobs. However, kids with gumption won't take the lower paying jobs, and Commission's action won't harm the situation. Therefore, 'as a vote to business' and to 'the fact that *the Commission doesn't know what to do'* regarding employment opportunities for youth and because 'this thing might work,' he voted yes." (Emphasis supplied.)

We understand these statements to amount to an admission that the Commission majority felt it lacked sufficient information to determine whether a $2.30 minimum wage curtailed employment ∩pportunities for minors or whether a $1.85 minimum wage would expand employment opportunities for minors. The temporary rule change was an experiment to gather data from which to make that determination. While such an experiment may be desirable, ORS 653.030 does not permit it.

To explain why it amended OAR 839-21-057 on an emergency basis, the Commission, as required by ORS 183.335(5), [2] found that "Oregonians under 18 years of age faced a serious problem in terms of a lack of employment opportunities." It is questionable whether a statement adopted solely to satisfy ORS 183.335(5) could also satisfy ORS 653.030. In any event, the Commission's statement does not satisfy ORS 653.030. That statute requires a determination that minors face curtailed employment opportunities *because of* the existing minimum wage. The cause-and-effect link is totally missing in the record before us.

ORS 183.400(3)(b) provides that we shall declare a rule invalid if it "exceeds the statutory authority of the agency." Because the Commission did not make

---

[2] ORS 183.335(5) provides in part:

"* * * if an agency finds that its failure to act promptly will result in serious prejudice to the public interest or the interest of the parties concerned, and sets forth the specific reasons for its finding, it may proceed without prior notice or hearing or upon any abbreviated notice and hearing that it finds practicable, to adopt, amend or suspend a rule without notice. * * * "

the determination required by ORS 653.030, we conclude its amendment to OAR 839-21-057 exceeded its statutory authority.

Rule invalidated.