On petition for review filed November 22, of Court of Appeals order of dismissal dated November 18, 1987, petition for review denied January 12, 1988

## FRANK STUART,
*Petitioner on Review,*

*v.*

## OREGON STATE PENITENTIARY,
*Respondent on Review.*

(CA A45793; SC S34666)

747 P2d 996

Frank Stuart, Salem, *pro se.*

No appearance contra.

MEMORANDUM OPINION

Gillette, J., concurred and filed an opinion.

GILLETTE, J., concurring.

This is a prison discipline case. Petitioner, an inmate at the Oregon State Penitentiary, was ordered by a correctional officer to provide a urine sample. He refused. He then was charged with misconduct for disobeying an order. A prison hearings officer found petitioner guilty of the charged misconduct. The hearings officer recommended a seven-day period of segregation and that petitioner "pay a $25.00 fine to the Department of Corrections for said major misconduct." That recommendation was put into effect by an order of Fred Maass, the superintendent of the Penitentiary.

Petitioner sought judicial review of the order in the Court of Appeals, claiming that respondent had no authority to impose the fine. On respondent's motion, that court dismissed the proceeding for lack of jurisdiction. The Court of Appeals reviews orders in prison discipline proceedings only by virtue of ORS 421.195, which provides:

> "If an order places an inmate in segregation or isolation status for more than seven days, institutionally transfers the inmate for disciplinary reasons or provides for nondeduction from the term of the sentence under ORS 421.120(1)(a) and (b), the order and the proceedings underlying the order are subject to review by the Court of Appeals upon petition to that court filed within 30 days of the order for which review is sought. The department shall transmit to the court the record of the proceeding, or, if the inmate agrees, a shortened record. A copy of the record transmitted shall be delivered to the inmate by the department. The court may affirm, reverse or remand the order on the same basis as provided in ORS 183.482. The filing of the petition shall not stay the department's order, but the department may do so, or the court may order a stay upon application on such terms as it deems proper."

Petitioner sought review of the dismissal in this court. Today, by denying review, we effectively allow the fine imposed on petitioner to stand. In light of petitioner's argument that the respondent has no authority to impose a fine, it seems to me that some comment should be made.

As to the case before it, the Court of Appeals was correct. The matter appealed was an order in a prison discipline case. Jurisdiction to review the order, if jurisdiction existed, was conferred by ORS 421.195. But that statute only

grants authority to review orders placing an inmate in segregation or isolation for more than seven days, institutionally transferring the inmate for disciplinary reasons or providing for the nondeduction of "good time" under circumstances not pertinent here. Because none of the three foregoing conditions was present, ORS 421.195 did not confer jurisdiction on the court to review the order in this case.

Lest the respondent relax, however, I wish to note that serious attention needs to be paid to the issues on the merits in this case. It is true that a rule, OAR 291-105-036,[1] authorizes the fine imposed in this case. But the limited material available in this record does not establish that the rule is authorized by statute. And, if the rule is so authorized, interesting constitutional questions involving, *inter alia,* the Fourteenth Amendment Due Process Clause come to mind. Judicial review of prison discipline may not reach them, but civil proceedings in mandamus, for an injunction, for declaratory relief or even for money had and received or for restitution may lie. A class action may be possible. I do not mean to express any opinion as to what petitioner's ultimate remedy —if he has one—may be. I merely wish to note that the question of the existence of a remedy is not ended with our disposition of this petition.[2]

I concur.

---

[1] OAR 291-105-036 states, in pertinent part:

"Upon finding that a violation occurred as charged, the Disciplinary Adjudicator may:

"* * * * *

"(9) Impose a fine not to exceed $25."

[2] For the reasons expressed, I also concur in the denial today of review in *Clark v. OSP,* (order dismissing appeal dated November 10, 1987). I also agree with the denial today of review in *Jack v. Maass,* 88 Or App 307, 744 P2d 1336 (1987), a habeas corpus case, but on the grounds that (1) habeas corpus is not an appropriate form of relief, and (2) the issue in *Jack*—restitution—is also different from the issues raised in *Clark* and this case.