Argued and submitted December 24, 1987, reversed as to fine, otherwise affirmed
March 9, 1988

## WILLIAM WATSON,
*Petitioner,*

*v.*

## OREGON STATE PENITENTIARY,
*Respondent.*

(05-87-217; CA A44738)

750 P2d 1188

Gary D. Babcock, Public Defender, Salem, argued the cause and filed the brief for petitioner.

Scott McAlister, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Dave Frohnmayer, Attorney General, Virginia L. Linder, Solicitor General, and David L. Kramer, Assistant Attorney General, Salem.

Before Warden, Presiding Judge, and Joseph, Chief Judge,* and Van Hoomissen, Judge.

WARDEN, P. J.

---

* Joseph, C. J., *vice* Young, J., deceased.

## WARDEN, P. J.

■ Petitioner seeks review of a final order of the Superintendent of the Oregon State Penitentiary which placed him in segregation for 13 days and fined him $100 under OAR 291-105-051 for violating Rule 5, which prohibits the unauthorized possession of property, in this case a mop handle.[1] He contends that the fine is void, because the rule which amended OAR 291-105-051 to provide for a fine as a possible sanction was not promulgated in accordance with ORS 183.335. We reverse.

■ Corrections Division administrative order CD 29-1986,[2] which became effective in August, 1986, purports to adopt OAR 291-105-013 (concerning inmate access to the rules of prohibited conduct) and to amend several rules promulgated by the Corrections Division, including OAR 291-105-051, to provide for a possible sanction of up to a $100 fine for a disciplinary rule violation. Petitioner contends that CD 29-1986 was not promulgated in accordance with the notice provisions of ORS 183.335, which provides, in relevant part:

"(1) Prior to the adoption, amendment or repeal of any rule, the agency shall give notice of its intended action:

"(a) In the manner established by rule adopted by the agency under ORS 183.341(4), which provides a reasonable opportunity for interested persons to be notified of the agency's proposed action;

"(b) In the bulletin referred to in ORS 183.360 at least 15 days prior to the effective date; and

"(c) To persons who have requested notice pursuant to subsection (7) of this section.

"(2)(a) *The notice required by subsection (1) of this section shall state the subject matter and purpose of the intended action in sufficient detail to inform a person that the person's interests may be affected,* and the time, place and manner in which interested persons may present their views on the intended action.

---

[1] Although ORS 421.195 does not specifically confer authority on us to review fines in prison disciplinary cases, the order from which review is sought placed petitioner in segregation for more than seven days and is therefore reviewable. *Cf. Stuart v. OSP,* 305 Or 9, 747 P2d 996 (1988).

[2] The rule remained in effect until September, 1987, when it was replaced by CD 32-1987. The validity of the replacement rule is not an issue before us.

"\* \* \* \* \*

"(10)(a) No rule is valid unless adopted in substantial compliance with the provisions of this section in effect on the date the rule is adopted." (Emphasis supplied.)

Division concedes that the only notice of intent that was filed and published stated that the reason for the proposed rule change was to ensure "compliance with the new requirements of the rule on drug urinalysis in the area of misconduct reports." There was no specific or general reference to authorizing fines in disciplinary cases, and the proposed rules to which the notice of intent referred did not include existing or proposed rules relating to fines. The rules relating to fines did not appear in the rulemaking process until the final version of the permanent rules was submitted to the Secretary of State.

However, Division argues that we have refused to find a rule invalid in a similar case, *citing Bassett v. Fish and Wildlife Comm.*, 27 Or App 639, 556 P2d 1382 (1976), where the agency adopted rules which were different from those described in the notice of intent. The agency's notice was very broad, stating that the agency intended to adopt rules concerning both game fish angling and personal use of ocean foodfish, shellfish and intertidal animals. We noted:

"That the adopted rules differ from the proposed rules does not affect the adequacy of the notice. The adopted rules did not cover a subject not specified in the notice; the same subject matter—the permissible methods of trout fishing on the Williamson and Blitzen Rivers—was involved in both the proposed and adopted rules." 27 Or App at 642.

*Bassett* is of no aid to Division. The notice here was not broad enough to encompass the subject matter of the disputed rules. Although the notice of intent to adopt the rule identified the proposed rule as one on "Prohibited Conduct and Disciplinary Action," it stated as the purpose: "in order to be in compliance with the new requirements of the Rule on Drug Urinaliysis in the area of misconduct reports." There is nothing in that to suggest that a rule concerning disciplinary fines for rule violations would be considered.

We conclude that the notice failed to comply substantially with the requirements of ORS 183.335(2), because it did not state the subject matter and purpose of the intended

action in "sufficient detail to inform a person that the person's interests may be affected." The rule therefore is invalid, *see* ORS 183.335(10)(a), and no fine could be imposed pursuant to it.

Reversed as to the fine; otherwise affirmed.[3]

---

[3] Petitioner's other assignment of error lacks merit and requires no discussion.