Argued and submitted November 25, 1987, fine vacated, order otherwise affirmed
March 30, 1988

## GERALD WHITEFOOT,
*Petitioner,*

*v.*

## OREGON STATE PENITENTIARY,
*Respondent.*

### (04-87-416; CA A44400)

751 P2d 1124

Gary D. Babcock, Public Defender, Salem, argued the cause and submitted the brief for petitioner.

Scott McAlister, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Dave Frohnmayer, Attorney General, Virginia L. Linder, Solicitor General, and David L. Kramer, Assistant Attorney General, Salem.

Before Joseph, Chief Judge, and Warren and Rossman, Judges.

PER CURIAM

**PER CURIAM**

Petitioner seeks review of a final order of the Superintendent of the Oregon State Penitentiary which required him to serve three months in segregation and pay a $50 fine for a violation of OAR 291-105-015(7)(g), possession of intoxicants.

Petitioner contends that the evidence was insufficient to support a finding that he was in possession of a half gallon of "pruno" in his cell's sink. The sink was an area shared with a cellmate. Inmates in a shared cell are responsible for contraband which they know is present in a shared area. The credibility of petitioner was for the hearings officer to determine, and he could reasonably infer that, despite his denial, petitioner was aware of the pruno. *Hanson v. OSP,* 24 Or App 859, 861, 547 P2d 642, *rev den* (1976).

Petitioner also contends that the Superintendent had no authority to fine him. Respondent claims that the fine is authorized by OAR 291-105-051(11). We held in *Watson v. OSP,* 90 Or App 85, 750 P2d 1188 (1988), that the provisions of *former* OAR 291-105-051 relating to fines are invalid, because the rule was adopted without the notice required by ORS 183.335. Accordingly, the fine was invalid.

Fine vacated; order otherwise affirmed.