Argued and submitted August 30, fine vacated; otherwise affirmed October 5, 1988, reconsideration denied January 20, petition for review denied February 14, 1989
(307 Or 405)

ROBERT VANCLEAVE,
*Petitioner,*

*v.*

OREGON STATE PENITENTIARY,
*Respondent.*

(11-87-156; CA A46994)

761 P2d 1366

Gary D. Babcock, Public Defender, Salem, argued the cause and filed the brief for petitioner.

Philip Schradle, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

PER CURIAM

## PER CURIAM

Petitioner seeks judicial review of a final order of the Superintendent finding him guilty of violating an institutional rule and imposing restitution and a fine.

There is substantial evidence to support the findings of guilt and the amount of restitution. Petitioner contends that he was entitled to a separate hearing on the question of restitution, relying, by analogy, on ORS 137.106 and *State v. Stalheim,* 275 Or 683, 552 P2d 829 (1976), which relate to restitution on a criminal conviction. There is no similar requirement relating to prison disciplinary hearings. Petitioner had an opportunity to present evidence and to challenge the state's evidence; nothing more is required.

Petitioner also argues that the amount of restitution imposed was taken by the Superintendent from his prison account in violation of his due process rights and in breach of the Superintendent's fiduciary duty. At argument, counsel for both parties acknowledged that the record does not show that the Superintendent had taken any money from petitioner's account to satisfy the restitution order. Accordingly, that question is not before us.

The imposition of a fine was error. *Watson v. OSP,* 90 Or App 85, 750 P2d 1188 (1988).

Fine vacated; otherwise affirmed.