Argued and submitted October 14, rule upheld November 30, 1988, reconsideration denied March 3, petition for review dismissed as moot April 4, 1989 (307 Or 611)

FUND FOR ANIMALS et al,
*Petitioners,*

*v.*

OREGON DEPARTMENT OF FISH & WILDLIFE et al,
*Respondents.*

(CA A48160)

765 P2d 215

Roger Anunsen, Salem, argued the cause and filed the briefs for petitioners.

John A. Reuling, Jr., Assistant Attorney General, Salem, argued the cause for respondents. With him on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Warden, Presiding Judge, and Graber and Riggs, Judges.

WARDEN, P. J.

## WARDEN, P. J.

Petitioners seek a determination of the validity of a rule by which the State Fish and Wildlife Commission set seasons and numbers of tags for hunting cougar in various wildlife units throughout Oregon. ORS 183.400(1). The seasons begin no earlier than November 15, 1988, and end no later than January 31, 1989. OAR 635-67-015. Petitioners assert that the record does not show that the Commission adequately investigated the supply and condition of cougars before adopting the rule. We uphold the rule.

We may invalidate a rule only if it violates constitutional provisions, exceeds the statutory authority of the agency or was adopted without compliance with applicable rulemaking procedures. ORS 183.400(4). The Commission's authority to adopt these rules comes from ORS 496.162(1), which provides, in pertinent part:

"(1) *After investigation of the supply and condition of wildlife,* the commission, at appropriate times each year, shall by rule:

"(a) Prescribe the times, places and manner in which wildlife may be taken by angling, hunting or trapping and the amounts of each of those wildlife species that may be taken and possessed." (Emphasis supplied.)

Petitioners argue that the Commission did not conduct the investigation that the statute requires, because the information available to it was inadequate to determine either the number of cougars or their condition. In support of their arguments, they refer to statements presented at an earlier hearing in which the Commission adopted a Cougar Management Plan, one purpose of which was to begin to acquire better information on those subjects.

In *Bassett v. Fish and Wildlife Comm.,* 27 Or App 639, 643, 556 P2d 1382 (1976), we held that, even assuming that an investigation is a prerequisite to the Commission's authority to issue rules, it did not need to place the factual basis for its decision on the record. Rather, a factual inquiry into the issue of its compliance with the investigation requirement had to await a different proceeding. However, in *Kids Against the Cut v. Wage and Hour Comm.,* 41 Or App 179, 597 P2d 1264 (1979), we held that a rule allowing a subminimum wage for

minors was invalid when the record affirmatively showed that those members of the Wage and Hour Commission who voted for it did not believe that failure to adopt it would substantially curtail opportunities for the employment of minors. ORS 653.030, we held, authorized the Commission to permit a subminimum wage only when it could find that failure to do so would have such an effect.

These cases require us to invalidate a rule, in a proceeding under ORS 183.400(1), when the agency's power to act depends on certain prerequisites and the record affirmatively shows that the agency did not comply with those prerequisites. In such circumstances, the agency would have adopted the rule in excess of its statutory authority. ORS 183.400(4)(b). In this case, the record does not show such a failure.

The information before the Commission when it adopted the challenged rule indicates that cougars are particularly difficult to observe and that the Department of Fish and Wildlife has never performed a comprehensive survey of their numbers or condition. However, the record also shows that the Department has kept careful count of the number of cougars taken each year and of the number of complaints of cougar damage it has received, each broken down by management unit. The Department's recommendations for the dates and areas of permitted hunting and for the number of tags, recommendations that the Commission accepted, were based on that information and on general knowledge of cougar habits and habitats. Assuming that an investigation was a statutory prerequisite for the adoption of this rule, petitioners have not shown that the Commission did not conduct the requisite investigation.

Rule upheld.