Argued and submitted April 26, reversed June 14, 1989

JOHN McFARLANE,
*Petitioner,*

*v.*

OREGON STATE PENITENTIARY,
*Respondent.*

(11-87-461; CA A47430)

775 P2d 323

Gary D. Babcock, Public Defender, Salem, argued the cause and filed the brief for petitioner.

Douglas F. Zier, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Richardson, Presiding Judge, and Newman and Deits, Judges.

NEWMAN, J.

## NEWMAN, J.

**1.** Petitioner, an inmate of the Oregon State Penitentiary, seeks review of an order of the Superintendent that found that he had attempted knowingly to possess narcotics, OAR 291-105-015, imposed a $50 fine and required that he serve two months in segregation. Petitioner contends that there is not sufficient evidence to support the guilty finding.

OAR 291-105-015 provides:

"(7) Possession, Manufacture, or Use of Dangerous Contraband: Except as may be authorized by other rules, no inmate shall *knowingly* possess, manufacture, or use:

"* * * * *

"(c) Narcotics or narcotics paraphernalia.

"* * * * *

"(14) Attempt: No inmate shall *knowingly* engage in conduct which constitutes a *substantial step* toward the *intentional* commission of a rule(s) violation. Attempt is an included charge in sections (3) through (12) of this rule." (Emphasis supplied.)

The hearings officer found:

"1. On November 27, 1987, while conducting a mail shake down (censorship), Officer Miltimore located and confiscated the following: a card within an envelope, bearing a return name and address of J. K. Simonton, 707 NW 79th, #3075, Portland, Oregon 97209, and addressed to 'Mr. John McFarlane, 2605 State Street, Salem, Oregon 97310.'

"2. On November 27, 1987, [petitioner] was the only inmate at the Oregon State Penitentiary with the last name 'McFarlane.'

"3. Officer Miltimore furthermore detected upon examination of said card, that it was crudely glued, and upon opening up said card, found a small plastic container bearing a white powder substance, and concealed under several sheets of plain white paper under the glued card flap.

"4. Oregon State Police Detective Tindle stated that analysis of the white powder substance revealed half a gram of 'crank' with a street value of approximately $25.00.

"5. 'Crank' constitutes dangerous contraband, a narcotic substance (speed).

"6. Experience has shown that the Oregon State Penitentiary Mailroom is used as a conduit by inmates to receive narcotics, and other articles and substances construed as dangerous contraband, from outside the Penitentiary walls.

"7. Reasonably, [petitioner] was the intended, and only recipient of the narcotic substance, crank, confiscated by Officer Miltimore.

"8. [Petitioner] 'tacitly' did take a substantial step toward knowledgeable possession of dangerous contraband, narcotics.

"9. Absent accompanying rule violations, the charge of violation of Rule 13 - Conspiracy, and Rule 14 - Attempt are invalid."

He concluded:

"[Petitioner] did violate the lesser included charge of Rule 14 - Attempt (to violate Rule 7C - Possession, Manufacture or Use of Dangerous Contraband - narcotics/narcotics paraphernalia). The Hearings Officer declines to consider the charge of violation of Rule 5 on the grounds that that incident of misconduct is a multiple of the charge of violation of Rule 14(7C). [Petitioner] did not violate Rule 13 or Rule 14."

The superintendent adopted the findings and conclusion.

We review for substantial evidence on the record viewed as a whole. ORS 183.482(8)(c); ORS 421.195. There is substantial evidence to support findings 1 through 7, but not to support finding 8. There is no evidence, other than the envelope itself, that supplies a link between petitioner and J. K. Simonton or any other person at the return address given on the envelope. Assuming that the sender intended that petitioner receive the envelope and its contents, there is no evidence that petitioner knew of that intent or of the existence of the envelope and its contents or of its mailing. There is no evidence that petitioner knew or had reason to know that he was to receive the envelope or its contents or that he took any steps toward possessing it. OSP argues that the order should be upheld, because at the hearing petitioner conjectured that "somebody thought they were doing me a favor." It is petitioner's conduct and knowledge that is at issue, however, not the sender's. Accordingly, there is no evidence that petitioner

took any step "toward knowledgeable possession of dangerous contraband, narotics."[1]

**2.**     OSP also argues that there is substantial evidence to support the order, because petitioner had previously been arrested for possession of amphetamine and, as an inmate, had previously been found guilty of violating a disciplinary rule that prohibited possession of a syringe. Those facts, however, do not tend to establish that petitioner knowingly engaged in conduct that constituted a substantial step toward possession of the narcotics in the envelope in evidence here.

Petitioner also argues, and respondent concedes, that the fine is unlawful. We agree. *Watson v. OSP,* 90 Or App 85, 750 P2d 1188 (1988).

Reversed.

---

[1] OAR 291-105-015(7)(c) and (14) require that the inmate act "knowingly." The rules do not define "knowingly." We rely on ORS 161.085(8):

" 'Knowingly' or 'with knowledge' when used with respect to conduct or to a circumstance described by a statute defining an offense, means that a person acts with an awareness that the conduct of the person is of a nature so described or that a circumstance exists."